# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

|  |  |  |
|---|---|---|
| **STEVE A. MORRIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:25-cv-00091-TES-ALS** |
| **v.** | : | |
| | : | |
| | : | |
| **Commissioner GEORGIA DEPT. OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## DISMISSAL ORDER

*Pro se* Plaintiff Steve A. Morris, a prisoner at Augusta State Medical Prison in Grovetown, Georgia, has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff requests leave to proceed *in forma pauperis*. ECF No. 2. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* (ECF No. 3) is therefore **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a

prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id.* (citations omitted). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple lawsuits and appeals and that more than three of these have been dismissed as frivolous, or malicious, or for failure to state a claim. *See Morris v. Lynn*, Case No. 3:13-cv-40-DHB-BKE, ECF No. 12 (S.D. Ga. Sept. 17, 2013) (dismissed for failure to state a claim); *Morris v. Kitt,* 1:13-cv-172-JRH-BKE, ECF Nos. 43; 50 (S.D. Ga. March 17, 2014) (dismissed

with prejudice as malicious and willful contempt involved in failure to follow court's orders); *Morris v. Kitt*, 14-11493-F (11th Cir. March 10, 2015) (three-judge panel dismissed appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Morris v. Rogers Dairy Farms*, No. 6:21-cv-54-JRH-BKE, ECF No. 25 (S.D. Ga. Oct. 6, 2021) (dismissed for failure to state a claim). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]the issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "'general assertion[s],'" that describe an "'ongoing serious physical injury or [] a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id*. (citation omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted). "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, at *3 (N.D. Fla. July 5, 2023).

Here, from what the Court can discern, Plaintiff complains about being injured

during his imprisonment at Wilcox State Prison in February 2022.[1]  ECF No. 1 at 5. However, Plaintiff is currently incarcerated at Augusta State Medical Prison.  *Id.* at 1; ECF No. 1-2.  As previously mentioned, a plaintiff "must show he is in imminent danger 'at the time that he seeks to file his suit in district court'" to satisfy the "imminent danger" exception.  *Daker v. Ward*, 999 F.3d at 1310-11 (quoting *Medberry*, 185 F.3d at 1192-93); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").  Here, because Plaintiff's allegations are about an incident from three years ago at a prison where he is no longer incarcerated, Plaintiff does not show that he meets the imminent danger exception to § 1915 (g) and his complaint is

---

[1] Furthermore, Plaintiff's claims that arose in 2022 are time-barred.  The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury and for Georgia that is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003).  The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).  Therefore, Plaintiff's claims as to any incident occurring more than two years prior to the date Plaintiff submitted his complaint are facially barred by the two-year statute of limitations. *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

subject to dismissal.  *See e.g.*, *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016) (affirming district court's dismissal of complaint pursuant to § 1915(g) because plaintiff failed to successfully plead that he was in imminent danger when the allegations of harm occurred months before at a prison where he was no longer incarcerated.); *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (per curiam) (holding that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception"); *Jacoby v. Young*, 838 F. App'x 508, 510 (11th Cir. 2021) (finding that the fact that Plaintiff was no longer incarcerated at the facility from which his claims arose "forecloses a conclusion that [plaintiff] is in imminent danger" from the defendants located at the former facility),  Accordingly, Plaintiff's motion to proceed in this action *in forma pauperis* (ECF No. 2) is **DENIED** pursuant to § 1915(g) and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

  **SO ORDERED**, this 10th day of March, 2025.

      S/ Tilman E. Self, III_____
      TILMAN E. SELF, III, JUDGE
      UNITED STATES DISTRICT COURT

---

[2] The Eleventh Circuit has held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that he must pay the filing fee at the time he initiates the suit. *Dupree*, 284 F.3d at 1236. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full filing fee. *Id.*; *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).