IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DR. STEVE A. MORRIS,<br><br>    *Plaintiff*,<br><br>v.<br><br>COMM'R JOHN or JANE DOES, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:25-cv-00091-TES-ALS |

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

On March 10, 2025, the Court dismissed Plaintiff Dr. Steve Morris's Complaint [Doc. 1] because Plaintiff accrued three strikes under the Prison Litigation Reform Act. [Doc. 4, p. 1]. The Court also concluded that Plaintiff did not meet the "imminent danger" exception to the three-strikes rule. [*Id.*]. On April 9, 2025, Plaintiff filed the instant Motion for Reconsideration [Doc. 6] asking the Court to reconsider its Order and Judgment, as well as the Order Referring the Case to a Magistrate Judge [Doc. 3].

**LEGAL STANDARD**

Under Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a matter of routine practice" and are not intended to provide an opportunity for the moving party "to instruct the [C]ourt on how [it] 'could have done it better' the first time." LR 7.6, MDGa; *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916

F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Rule 59(e) permits filing motions "to alter or amend a judgment" within 28 days after entry of the judgment if "reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Hudson Specialty Ins. Co. v. Snappy Slappy LLC*, No. 5:18-CV-00104-TES, 2019 WL 1938801, at *1 (M.D. Ga. May 1, 2019).

## DISCUSSION

Plaintiff's Motion does not meet the high burden to change the Court's prior analysis regarding its referral to the United States Magistrate Judge,[1] his three-strikes status, or the imminent-danger exception.

Plaintiff's Complaint revolves around eye injuries that occurred at the Wilcox

---

[1] The Court does not address this argument in depth because the Magistrate Judge never actually issued an order in this case.

2

State Prison. [Doc. 1, p. 5]. But, Plaintiff's "new" evidence involves gang violence at Augusta State Medical Prison. [Doc. 6-3, p. 1]. That new evidence cannot give rise to imminent danger related to the claims in Plaintiff's original Complaint. *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). Indeed, Plaintiff's gang-related evidence in his Motion only presents hypothetical future harm, which cannot be the basis for applying the imminent danger exception. *Id.* (holding that the imminent-danger exception cannot be based on speculation or general assertions). To be sure, Plaintiff does generally allege that the gang violence could follow him from Wilcox State Prison to Augusta State Medical Prison. But, those general, hypothetical threats are not enough to invoke the imminent-danger exception. *See, e.g.*, *Brewer v. Head*, No. 5:17-CV-323 (MTT), 2018 WL 1474534, at *1 (M.D. Ga. Mar. 26, 2018).

Based upon the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 6].

**SO ORDERED**, this 11th day of April, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**